UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wine of Japan Import, Inc.<br><br>　　　　Plaintiff(s),<br><br>　- against -<br><br>JFC International, Inc., Hiromichi Azuma, and Atsushi Koyanagi,<br><br>　　　　Defendant(s). | **STIPULATED CONFIDENTIALITYAGREEMENT AND PROTECTIVE ORDER**<br><br>20 Civ. 02497 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.　　　　With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person  has designated as

"Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Order, no person subject

to this Order may disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes

Only Discovery Material to anyone else except as this Order expressly permits:

    2.   The Party or person producing or disclosing Discovery Material

("Producing Party") may designate as Confidential only the portion of such material that it

reasonably and in good faith believes consists of:

     (a)   previously non-disclosed financial information (including without

        limitation profitability reports or estimates, percentage fees, design fees,

        royalty rates, minimum guarantee payments, sales reports, and sale

        margins);

     (b)   previously non-disclosed material relating to ownership or control of any

        non-public company;

     (c)   any information of a personal or intimate nature regarding any individual;

        or

     (d)   any other category of information this Court subsequently affords

        confidential status.

    3.   The Producing Party may designate as Confidential-Attorneys' Eyes

Only the portion of such materials that it reasonably and in good faith believes consists of:

     (a)   trade secret information, including, but not limited to, pricing data,

        sensitivities, and strategy; sales statistics; specific customer relationships;

        lists of potential and actual customers; market research; product

        development plans; product roll-out strategy; strategy relating to

        competitors; marketing development plans; proprietary export logistic

models or methodology; and strategy concerning cultivating or curtailing

producer relationships;

(b)     documents or information containing confidential financial information;

and

(c)     internal corporate governance documents and organizational charts.

4.      With respect to the Confidential or Confidential-Attorneys' Eyes Only

portion of any Discovery Material other than deposition transcripts and exhibits, the Producing

Party or its counsel may designate such portion as "Confidential" or "Confidential-Attorneys'

Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential-

Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or

audibility; and (b) producing for future public use another copy of said Discovery Material with

the Confidential information or Confidential-Attorneys' Eyes Only information redacted.

5.      The party receiving the Confidential or Confidential-Attorney's Eyes

Only Discovery Material (the "Receiving Party"), may, at any time, notifying the Producing

Party that the Receiving Party does not concur in the designation of a document or other material

as Confidential or Confidential-Attorneys' Eyes Only.  If the Producing Party does not agree to

declassify such document or material, the Receiving Party may move this Court for an order

declassifying those documents or materials.  If no such motion is filed, such documents or

materials shall continue to be treated as Confidential and/or Confidential-Attorneys' Eyes Only,

as designated.  If such motion is filed, the documents or other material shall be deemed

Confidential or Confidential-Attorneys' Eyes Only, as designated, unless and until the Court

rules otherwise.  On such a motion, the Producing Party bears the burden of establishing the

propriety of its designation of the documents or information as Confidential and/or Confidential-

Attorneys' Eyes Only.

6.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information or Confidential-Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or "Confidential-Attorneys' Eyes Only Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," or "Confidential-Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Confidential-Attorneys' Eyes Only.

7.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential-Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential-Attorneys' Eyes Only.

8.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or

protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)      any person a Party retains to serve as an expert witness or otherwise

5

provide specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement

in the form annexed as an Exhibit hereto;

    (h)    stenographers engaged to transcribe depositions the Parties conduct in

this action; and

    (i)    this Court, including any appellate court, its support personnel, and

court reporters.

10.    Before disclosing any Confidential Discovery Material to any person

referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order

to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit

hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said

counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to

counsel for all Parties either before such person is permitted to testify (at deposition or trial) or at

the conclusion of the case, whichever comes first.

11.    Where a Producing Party has designated Discovery Material as

Confidential-Attorneys' Eyes Only, such Discovery Materials shall not be furnished, shown or

disclosed to any person or entity other than the attorneys of record for the Parties and their

associated attorneys, paralegals and other personnel (including support staff).

12.    In accordance with paragraph 2 of this Court's Individual Practices, any

party filing documents under seal must simultaneously file with the Court a letter brief and

supporting declaration justifying – on a particularized basis – the continued sealing of such

documents.  The parties should be aware that the Court will unseal documents if it is unable to

make "specific, on the record findings . . . demonstrating that closure is essential to preserve

higher values and is narrowly tailored to serve that interest." <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006).

13.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential-Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Confidential-Attorneys' Eyes Only.

14.     In filing Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material  ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

15.     Any Party who objects to any designation of Confidential or Confidential-Attorneys' Eyes Only may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

16.     Recipients of Confidential Discovery Material or Confidential-Attorneys'
Eyes Only Discovery Material under this Order may use such material solely for the prosecution
and defense of this action and any appeals thereto, and not for any business, commercial, or
competitive purpose or in any other litigation proceeding.  Nothing contained in this Order,
however, will affect or restrict the rights of any Party with respect to its own documents or
information produced in this action.

17.     Nothing in this Order will prevent any Party from producing any
Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material  in its
possession in response to a lawful subpoena or other compulsory process, or if required to
produce by law or by any government agency having jurisdiction, provided that such Party gives
written notice to the Producing Party as soon as reasonably possible, and if permitted by the time
allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice,
the Producing Party will bear the burden to oppose compliance with the subpoena, other
compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.     Each person who has access to Discovery Material designated as
Confidential or Confidential-Attorneys' Eyes Only pursuant to this Order must take all due
precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     Within 60 days of the final disposition of this action – including all
appeals – all recipients of Confidential Discovery Material or Confidential-Attorneys' Eyes Only
Discovery Material  must either return it – including all copies thereof – to the Producing Party,
or, upon permission of the Producing Party, destroy such material – including all copies thereof.
In either event, by the 60-day deadline, the recipient must certify its return or destruction by
submitting a written certification to the Producing Party that affirms that it has not retained any

copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material or Confidential-Attorneys' Eyes Only.  Any such archival copies that contain or constitute Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material remain subject to this Order.

20.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

21.     Any documents designated as Confidential or Confidential-Attorneys' Eyes Only pursuant to the September 26, 2019 Stipulation and Order for the Production and Exchange of Confidential Information in the matter captioned  Wine of Japan Import, Inc. v. JFC International, Inc. et al., Index No. 653037/2019 [NYSCEF Doc. No. 36] shall be deemed to be designated as Confidential or Confidential-Attorneys' Eyes Only pursuant to this Order, provided nothing in this section shall preclude a receiving Party from challenging the initial designation pursuant to the procedure in Paragraph 4.

22.     Extracts and summaries of Confidential or Confidential-Attorney's Eyes Only Discovery Material shall also be treated as confidential in accordance with the provisions of this Order.

23.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

SO STIPULATED AND AGREED.
August 14, 2020


_____/s/ Alex Corey_____          _____/s/ Michael McDonough_____
Attorneys for Plaintiff                        Attorneys for Defendant JFC



_____/s/ Leonard Benowich_____          _____/s/ Guy Yonay_____
Attorneys for Defendant Azuma                  Attorneys for Defendant Koyanagi


SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

August 14, 2020

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wine of Japan Import, Inc.

        Plaintiff(s),

 - against -

JFC International, Inc., Hiromichi Azuma, and
Atsushi Koyanagi,

        Defendant(s).

**Non-Disclosure Agreement**

20 Civ. 02947 (PGG)

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential-Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

2295533v1